**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| SALMA AGHA-KHAN, MD., | Case No. 2:16-cv-02928-APG-PAL |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS** |
| WELLS FARGO BANK, NA et al., | (ECF Nos. 12, 16, 22, 35, 62, 69, 78, 89, 93, 100, 107, 111, 115) |
| Defendants. | |

Plaintiff Salma Agha-Khan obtained a half-million-dollar mortgage to purchase a house in 2006. A few years later, she stopped making her payments so her lenders foreclosed and sold her house to someone else. Nearly six years after that foreclosure, Agha-Khan filed this lawsuit asserting 16 causes of action against 28 defendants (various people and companies who played some role in her loan, the foreclosure, or the sale). Agha-Khan does not dispute that she remains in default on her loan; instead, she claims that she can rescind her mortgage and acquire clear title to her house because the defendants made some procedural mistakes in her loan documents and during the foreclosure sale.

Most of the defendants now move to dismiss and for summary judgment, arguing that Agha-Khan's claims lack any factual or legal basis. The defendants are right, and I need look no further than the statutes of limitations to say so. The deadlines have passed to file the claims that Agha-Khan brings here. Even if they had not, there is no merit to any of them. I thus grant the defendants' motions. And because there is no indication that Agha-Khan could cure the deficiencies in her complaint, I dismiss with prejudice all of her claims against these defendants.

With the bulk of the defendants out of this case, only a few Wells Fargo-related defendants and two title insurance companies remain. Agha-Khan managed to obtain a default against the Wells Fargo defendants despite that they were never properly served (Agha-Khan

served a bank teller rather than a proper agent).  As to the title insurance companies, Agha Khan has a pending motion to enter default against them, which the companies oppose.

Wells Fargo requests that I set aside the default, and because it was never properly served, I do.  Finally, the title insurance companies have shown good cause for why no default should be entered against them, so I deny Agha-Khan's motions for entry of default.

I. **BACKGROUND**

In early 2006, Agha-Khan purchased a house with a $521,000 mortgage.[1]  The Deed of Trust named Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary.[2]  Later that year, MERS assigned the deed to GMAC Mortgage, LLC.[3]

In 2009, Agha-Khan defaulted on her mortgage and a Notice of Default was recorded.[4]  In February 2011, with Agha-Khan's default still unpaid, GMAC recorded a notice of foreclosure sale.[5]  In March 2011, the property was sold at public auction to GMAC by credit bid.  GMAC then sold it to Jeffery Romig.  Romig paid for the home by borrowing money from Navy Federal Credit Union, which recorded a Deed of Trust on the property.

Well over five years after the foreclosure sale, in December of 2016, Agha-Khan filed this action. She alleges 16 claims for: (1) Wrongful foreclosure; (2) To Void or Cancel Trustee's Deed of Sale; (3) Negligence; (4) Declaratory Relief; (5) Fraud in the Concealment; (6) Violation of 15 U.S.C. 1691, 1692; (7) Violation of 12 U.S.C. 2605; (8) Slander of Title; (9) Quiet Title; (10) Rescission; (11) Injunctive Relief; (12) Fraud; (13) Violation of NRS 645; (14) Defamation; (15) False Light; and (16) Punitive Damages.[6]

---

[1] ECF No. 78-2 (the original recorded Deed of Trust); *see also* ECF No. 78-1 (Sale Deed).

[2] ECF No. 78-2

[3] ECF No. 78-5.

[4] ECF No. 78-3.

[5] ECF No. 78-6.

[6] ECF No. 1.  Agha-Khan is no stranger to the federal courts.  She filed a nearly-identical case that challenged the sale of another house she had purchased, which Judge Mahan recently dismissed.  *See* Case No. 2:16-cv-1124 JCM (ECF No. 137).

1  **II.   ANALYSIS**

2       **A.  Motions to Dismiss**[7]

3       A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[9] "Factual allegations must be enough to rise above the speculative level."[10] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[11]

       **B.  All of Agha-Khan's claims fail.**

       A few of Agha-Khan's claims fail because they are not proper causes of action: declaratory relief, injunctive relief, and punitive damages are not stand-alone claims, but forms of relief.[12] I thus dismiss these claims with prejudice.

       As to her remaining claims, Agha-Khan's complaint is mostly made up of conclusory legal statements and elements of causes of action, which do not suffice. For example, Agha-Khan's negligence theory is that the defendants "owed a duty" to not "defraud" her, and "owed a duty not to conduct illegal" sales.[13] Agha-Khan also fails to meaningfully oppose the defendants' arguments about the various statutes of limitations that apply, which is another reason to rule

---

[7] Although some of the defendants have also moved for summary judgment, I need not get that far. The allegations in the complaint and judicially-noticeable recorded documents make clear that Agha-Khan's claims have no merit.

[8] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[10] *Twombly*, 550 U.S. at 555.

[11] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

[12] *See Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("Declaratory Judgment Act . . . only creates a remedy and is not an independent [claim]."); *Barnhart v. Chevy Chase Bank, F.S.B.*, 2:09-cv-02113-JCM-RJJ (D. Nev. Mar. 5, 2010) (dismissing claims for declaratory and injunctive relief because "[t]hese are not causes of actions but remedies sought in conjunction with a viable claim for relief").

[13] ECF No. 1.

against her. By failing to meaningfully oppose these arguments, Agha-Khan has consented to the dismissal of her claims under our local rules.[14]

But even considering her claims on the merits, they fail.[15] Agha-Khan's property-related claims are barred by the applicable statute of limitations. In Nevada, causes of action "founded upon title to real property" must be brought within five years of when the property changes hands.[16] The property changed hands here in early 2011 when Agha-Khan's home was sold at public auction. Yet she waited until December 2016 to file this lawsuit, which means that all of her claims related to the title of her property are time-barred. This includes her claims for quiet title, wrongful foreclosure, rescission, slander of title, and her claim to void the deed of sale.[17] Agha-Khan's property-related claims fail for another reason, too: she has not alleged that she "paid off [her] loan or . . . [was] not in default on that loan," as required under Nevada law.[18]

Her negligence claim is barred by Nevada's two-year limitations period.[19] Agha-Khan alleges that the defendants mishandled her foreclosure, which happened in 2011.[20] Given she filed this action in 2016, she was years too late.

As to Agha-Khan's fraud-related claims, they are time-barred under Nevada's four-year limitation period. Any action sounding in fraud must be commenced within four years of the

---

[14] LR 7-2(d).

[15] As explained by another judge in this district on similar facts, all of Agha-Khan's claims are time-barred. *See Agha-Khan v. Pac. Cmty. Mortg., Inc.*, 2017 WL 1317015, at *1 (D. Nev. Feb. 3, 2017).

[16] Nev. Rev. Stat. § 11.070.

[17] Nev. Rev. Stat. § 107.080 would also bar these claims because Agha-Khan did not challenge the foreclosure within 90 days of the sale.

[18] *Wong v. Countrywide Home Loans, Inc.*, 2016 WL 755472, at *2 (D. Nev. Feb. 23, 2016). There is yet another reason these title-related claims fail: someone has purchased the property, and there is no allegation or evidence suggesting he was not a bona fide purchaser. *See* Nev. Rev. Stat. § 111.180 (immunizing bona fide purchasers from challenges to title).

[19] Nev. Rev. Stat. § 11.190(4)(e).

[20] ECF No. 1 at 42.

alleged fraudulent act (or for some species of fraud, within two or three years).[21] The only exception is when a plaintiff offers specific facts indicating that she did not learn of the fraud until later.[22] Agha-Khan does not offer any specific facts to support her fraud-related claims,[23] much less facts suggesting that she did not learn of the fraud until sometime in the four years leading up to her filing this case. Given that she failed to file this action until more than five years after any alleged wrongdoing, her claims for fraud, defamation, false light, fraud in the concealment, and slander must fail.[24]

Agha-Khan's Truth in Lending Act ("TILA") claim is also time-barred. A claim for TILA damages must be brought "within one year from the date of the occurrence of the violation."[25] Given the alleged violations occurred sometime in 2006 when Agha-Khan signed her loan paperwork, this deadline is long past.

Agha-Khan's RESPA claim fails because she has no private right of action to assert,[26] and even if she did, it would be time-barred.[27] The RESPA limitations period began when Agha-

---

[21] Nev. Rev. Stat. § 11.190(3)(d) (general fraud statute of limitations of three years); 11.190(4)(c) (proscribing two-year period for defamation and slander); *Flowers v. Carville*, 292 F. Supp. 2d 1225, 1234 (D. Nev. 2003), aff'd, 161 F. App'x 697 (9th Cir. 2006) (discussing four-year period for slander claims).

[22] *Id.*

[23] Agha-Khan does not plausibly allege that any of the defendants made knowing misstatements of fact. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004).

[24] Agha-Khan also mentions Nev. Rev. Stat. § 645F.420, which allows homeowners to collect damages against lending companies for certain violations of Nevada law. But Agha-Khan basis this claim on the defendants' alleged fraud, and Agha-Khan has not alleged any plausible facts to support her theories. I thus dismiss this claim as well.

[25] 15 U.S.C. § 1640(e). Agha-Khan also mentioned the Fair Debt Collection Practices Act, but in addition to not alleging any supporting facts for this claim, any claim under that statute would be time-barred as well. 15 U.S.C. § 1692k(d).

[26] *Todd v. Bank of Am., N.A.*, 2012 WL 5420280, at *3 (D. Nev. Nov. 6, 2012).

[27] 12 U.S.C. § 2614 (proscribing one-year and three-year limitations periods, depending on the type of violation).

Khan signed her loan documents (which, again, was in 2006).[28] All of Agha-Khan's claims must therefore be dismissed.

### C. Leave to amend

Agha-Khan has requested leave to file an amended complaint. Although leave to amend is to be "freely given when justice so requires," I have discretion to deny leave where amendment would be futile or there appears to be bad faith, dilatory motive, or an intent to cause undue delay.[29] The Ninth Circuit "ha[s] held that a district court does not abuse its discretion in denying a motion to amend a complaint . . . when the movant present[s] no new facts . . . and provide[s] no satisfactory explanation for h[er] failure to fully develop h[er] contentions originally."[30]

Agha-Khan offers no fact or authority indicating that any of her claims could be saved by amendment. Everything that she alleges that the defendants did predates the applicable statutes of limitations. And in any event, she does not explain how she could allege any specific facts to make her various claims plausible. At bottom, the thrust of her complaint is that she can obtain title to her home despite that she did not pay her mortgage, and the Supreme Court of Nevada has rejected that argument. I thus deny her request for leave to amend and dismiss her claims with prejudice.

### D. Agha-Khan's request for entry of default against First American Title and The Wells Fargo defendants' motion to set aside default

Finally, the Wells Fargo and First American Title defendants are either subject to a default or a request for a default.[31] The Wells Fargo defendants were never properly served, and I may

---

[28] *Juntilla v. RESI Home Loans IV, LLC*, 2012 WL 5944600, at *5 (D. Nev. Nov. 26, 2012).

[29] Fed. R. Civ. P. 15(a)(2).

[30] *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (quotation omitted).

[31] Agha-Khan also asks that I reconsider my prior order granting Nationwide Title Clearing, Inc.'s motion to dismiss. I granted Nationwide's motion because Agha-Khan failed to respond to it. Agha-Khan offers no valid reason to reconsider my prior order. Nationwide filed its motion to dismiss on February 7, 2017, which meant that Agha-Khan's deadline to respond was February 21, 2017. Agha-Khan admits that she did not respond until the middle of March

set aside a default when a defendant is not properly served.[32] Agha-Khan admits that she served her complaint on one of Wells Fargo's general bank employees, not an "officer, a managing or general agent, or any other agent authorized . . . to receive service of process."[33]

At any rate, Wells Fargo and First American Title have shown good cause for setting aside or rejecting their defaults. In deciding whether to set aside a default, I consider (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; or (3) whether reopening the case would prejudice the plaintiff.[34]

There is no indication that any of these defendants knew of this case, so there is no evidence that their culpable conduct led to the default. As I explained above, the defendants have a meritorious defense given that Agha-Khan's claims have no merit. And the defendants moved to set aside or oppose their defaults within days of them being filed, so there will be no prejudice to Agha-Khan. I therefore set aside the default against the Wells Fargo defendants and reject Agha-Khan's motions for default against the First American Title defendants.[35] And because I am dismissing Agha Khan's complaint, that includes dismissal of all claims against Wells Fargo and First American Title.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions **(ECF Nos. 12, 16, 22, 35, 69, 78, 89 and 115) are GRANTED** and all claims asserted in the complaint are dismissed with prejudice against all defendants. The plaintiff's request for leave to amend is **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's motion for reconsideration **(ECF No. 62) is DENIED.**

---

2017. ECF No. 62. And in any event, for the reasons explained above, Nationwide was entitled to dismissal of Agha-Khan's claims on the merits.

[32] *Veeck v. Commodity Enters.*, 487 F.2d 423, 425-26 (9th Cir. 1973).

[33] Fed. R. Civ. P. 4(h)(1)(B).

[34] *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

[35] The First American Title defendants have joined pending motions to dismiss. And for the reasons explained above, there is no indication that Agha-Khan's claims against the Wells Fargo defendants are meritorious. I thus dismiss the claims as to the defendants as well.

IT IS FURTHER ORDERED that the plaintiff's motions for entry of default **(ECF Nos. 93, 100) are DENIED.**

IT IS FURTHER ORDERED that the Wells Fargo defendants' motion to set aside default **(ECF No. 111) is GRANTED.**

IT IS FURTHER ORDERED that the defendant First American Title's motion to enlarge the time to respond to the complaint **(ECF No. 107) is DENIED WITHOUT PREJUDICE AS MOOT.**

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment accordingly and close this case.

DATED this 30th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE